IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS JOHNSTON, | : | |
| | : | Case No. 1:14-cv-659 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Plaintiff's Motion for |
| INTERNATIONAL COLLECTION | : | Attorney's Fees and Costs (Doc. 12) |
| BUREAU, INC., et al., | : | |
| | : | |
| Defendants. | : | |

Plaintiff Thomas Johnston brought this action against Defendants International Collection Bureau, Inc. and Thomas J. Huber, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Ohio Consumer Sales Protection Act, Ohio Rev. Code § 1345 *et seq*.  The parties previously entered into an Offer of Judgment pursuant to Fed. R. Civ. Pro. 68.  (Doc. 9.)  This matter is now before the Court on Plaintiff's Motion For Attorney's Fees and Costs.  (Doc. 12.)  Plaintiff seeks $9,475 in attorney's fees and $400 in costs, for a total award of $9,875.

For the reasons stated below, Plaintiff's motion is GRANTED.

**I.     ATTORNEY'S FEES AND COSTS**

  **A.  Standard**

The Court is authorized under the FDCPA to award reasonable attorney's fee and costs to a prevailing party.  15 U.S.C. § 1692k(a)(3).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis upon which to make an initial estimate of the value of a lawyer's services.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The result of this calculation sets the "lodestar amount," which is strongly

presumed to yield a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). A reasonable fee is one which is adequate to attract competent counsel, but does not produce a windfall to attorneys. *See Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)).

### B. Lodestar Calculation

In this case, Plaintiff seeks a lodestar of $9,475 based on a $250 hourly rate and 37.9 hours of billable work. In support of the motion, Plaintiff includes an affidavit from his attorney, Mr. Sadlowski, and an invoice detailing the time entries and billing total for counsel's work on the case. Defendants oppose the lodestar advanced by Plaintiff, arguing that both the rate and the hours are unreasonable.

#### 1. Hourly Rate

A reasonable hourly rate is usually the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. *Geier,* 372 F.3d at 791. "A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498–99 (6th Cir. 2011).

The Court finds Mr. Sadlowski's hourly rate to be fair and reasonable. Mr. Sadlowski has approximately ten years of experience litigating consumer claims in federal court. The requested rate of $250 per hour falls within the prevailing rates for an attorney in this Court with commensurate skills and experience. In reaching this decision, the Court finds it instructive to compare the requested rate with the Rubin Committee rates, an attorney fees rubric developed in 1983. The Committee arrived at the following categories and hourly rates:

| **1983 Rubin Committee Rates** | |
|---|---|
| Paralegals | $37.91 |
| Young Associates (0–2 years) | $61.77 |
| Intermediate Associates (2–4 years) | $71.62 |
| Senior Associates (4–5 years) | $82.81 |
| Young Partners (6–10 years) | $96.39 |
| Intermediate Partners (11–20 years) | $113.43 |
| Senior Partners (21+ years) | $128.34 |

*See West v. AK Steel Corp. Ret. Accumulation Pension Plan,* 657 F. Supp. 2d 914, 932 n.4 (S.D. Ohio 2009). Judges in the Southern District of Ohio have applied the Rubin Committee rate with a 4% annual cost-of-living allowance to measure the reasonableness of fees requested. *Hunter v. Hamilton Cty. Bd. of Elections*, No. 1:10-cv-820, 2013 WL 5467751, at *17 (S.D. Ohio Sept. 30, 2013); *Georgia–Pacific LLC v. Am. Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187, 192 (S.D. Ohio 2010). When adjusted for rates in 2014, the Rubin Committee rate for an attorney with Sadlowski's experience is $289 per hour. The Court therefore finds the $250 rate to be reasonable.

**2. Hours Expended**

An attorney seeking fees must "maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended" on the case. *Wooldridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001). "[T]he district court must conclude that the party seeking the award has sufficiently

3

documented its claim." *Hunter v. Hamilton Co. Bd. of Elections,* No. 1:10-cv-820, 2013 WL 5467751, at *15 (S.D. Ohio Sept. 30, 2013).

Defendants challenge the hours for which Plaintiff seeks recovery on two grounds. First, Defendants argue that Plaintiff's billing summary includes several entries that were not reasonably expended because they far exceed the amount of time necessary to accomplish the specified task. Specifically, Defendants contend that Plaintiff's counsel unreasonably took 8 hours to draft the complaint; 15.6 hours reviewing a five page letter from Defendants and researching and drafting a response letter; 1.6 hours researching case law; and 6.9 hours researching and analyzing issues related to the Rule 68 Offer of Judgment. Second, Defendants claim that the billing summary includes items related to clerical work, which are not recoverable by Plaintiff.

In response, Plaintiff has offered a detailed explanation of the time expended for each entry. Plaintiff further clarifies that although the billing statement includes a full description of the tasks performed in this matter that counsel does not charge for the clerical tasks.[1]

The Court finds Plaintiff's position well-taken. Plaintiff has submitted documentation of sufficient detail and probative value to enable the Court to determine that the hours recorded were actually and reasonably expended in this action. Having reviewed Plaintiff's counsel's declarations and time records, the Court finds that Plaintiff's fees request includes no time related to clerical work and that the time spent by counsel in this case was reasonable.

---

[1] For example, on November 19, 2014, a 0.4 time entry is included for "Attendance at Rule 26(f) conference; preparation of Agreed Discovery Plan; attention to filing of same." (Doc. 14, PageID 152.) Plaintiff indicates that as a matter of practice, counsel does not charge for clerical tasks such as the filing of the Agreed Discovery Plan, and the 0.4 entry only related to attendance at the conference and preparation of the discovery plan.

### C. Adjustment of the Lodestar

Once the lodestar rate is determined, the Court then considers whether to modify the award in light of "relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). Specifically, a district court has discretion to consider the following factors:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at n.8 (quotation marks and citations omitted); *see also Hensley*, 461 U.S. at n.9 (identifying the above factors as considerations in determining whether to adjust the lodestar). It is well-settled that "the degree of success obtained is the most important factor in determining the reasonableness of a fee award." *Kentucky Restaurant Concepts Inc. v. City of Louisville*, 117 F. App'x 415, 420–21 (6th Cir. 2004) (citing *Hensley*, 461 US at 434–36).

Considering the above factors, the Court finds a downward adjustment of the Lodestar in this case to be unwarranted. Defendants contend that Plaintiff was not entirely successful in this action because he received less than one-third of the original damage demand. Defendants cite *Richard v. Oak Tree Group, Inc.*, Case No. 1:06-cv-362, 2009 WL 3234159, at *3–4 (W.D. Mich. Sept. 30, 2009), where the district court reduced the requested fees 85%, from $20,550 to $3,082, after finding that the latter was a reasonable fee for prosecuting a "relatively minor non-compliance with the FDCPA." However, the Court also supported the reduction by the fact that the plaintiff in that case only prevailed on two of three FDCPA claims brought in that action, that

5

the plaintiffs' state law claims were dismissed, and that the court denied both of plaintiffs' motions for class certification, which the court assumed occupied a substantial portion of plaintiffs' counsel's time in the case. The court further noted that "the cryptic and nearly unintelligible nature" of counsel's itemized statement made it difficult for the court to determine what work was performed on each claim. *Id.*

By contrast, in this case, Plaintiff was successful on all of his claims and Plaintiff's counsel has offered records of sufficient detail for the Court to determine the reasonableness of the tasks performed by counsel. Observing the strong presumption that the lodestar produces a reasonable fee and after consideration of Plaintiff's overall success in this action, the Court declines to depart from the lodestar.

**II.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Attorneys' Fees and Costs and ORDERS the Defendant to pay Plaintiff $9,475 in attorney fees and $400 in costs, for a total award of $9,875.

**IT IS SO ORDERED.**

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court